DUNLAP, J.
In the common pleas court the plaintiff, as administrator sued the defendant, the city of Cleveland, for damages for wrongfully causing the death of plaintiff’s decedent, Rosario Galati, caused as was claimed by the negligent act of the city of Cleveland, as set out in the petition.
The evidence tended to show that plaintiff’s decedent was injured while pushing a cart in an easterly direction on an alley called Parlonan Court, in which alley the driveway, or paved portion upon which vehicles could pass, was only about eight feet wide, there being a sidewalk on each side of the same approximately two feet wide, slightly elevated above the roadway. As he was proceeding in this easterly direction a garbage wagon driven by an agent and servant of the city of Cleveland had just previously been driven up to a certain point in this alley and left standing there, the same having been driven from the west. The immediate cause of the accident was a movement of the horse drawing the wagon by which the cart was carried or moved *454 in the direction the reverse from that in which it had come, and the plaintiff’s decedent was crushed by the handle of the cart against a house bordering on said alley.
There is some dispute in the testimony as to whether plaintiff’s decedent had pushed his cart so far that it had come in contact with some part of the wagon and had thus perhaps startled the horse and caused it to move forward, or whether he had stopped at some short distance from the wagon and from contact therewith, and was waiting for the driver of the wagon to return.
There is no dispute in the testimony, however, but that the horse attached to this garbage wagon was headed in a westerly direction, and that it had been driven in a westerly direction, which was contrary to a general ordinance of the city of Cleveland requiring vehicles using alleyways of that width to drive only east thereon; and there was no dispute in the testimony, in fact it was conceded by the driver of the garbage wagon that the horse was left unattended and unhitched, without anybody to take care of it while the driver went into a yard close by for the purpose of collecting garbage.
Ordinances of the city of Cleveland, admitted by the defendant to be existing and valid ordinances, were admitted, which are as follows:
Sec. 1267. “No person shall leave any horse or horses, whether attached or unattached, to any carriage, wagon, cab or other vehicle, standing on any street, lane, alley or public ground, unless said horse or horses be securely hitched or fastened, or unless the reins be in the hands of some person in charge of said horse or horses, or within his immediate reach, and it shall be unlawful to hitch or fasten any horse or other animal to any tree or shrub in any street, alley, public ground or public place in the city of Cleveland.”
See. 1341. “The owner, operator, driver or person in charge of any cart, dray, wagon, etc., or other vehicle used, propelled or driven upon the streets of the city of Cleveland shall conform to and observe the following rules of the road upon all such streets, alleys, avenues and places in said city.
1. Vehicles shall be driven in a careful manner and with due regard for the safety and convenience of pedestrians and all other vehicles.
*455 2. Vehicles shall keep to the right side of the street except when necessary to turn to the left in crossing or overtaking another vehicle.
3. Vehicles shall pass each other on the right.”
Sec. 1343-H. {Direction of traffic in alleys.) “In all alleys where the driveway is less than twelve feet wide all vehicles must enter or pass over the same as follows: In those alleys running-north and south the direction of the traffic shall be from north to south, and in those alleys running east and west the direction of the traffic shall be from east to west.”
The violation, therefore, of at least two of the city’s ordinances by one of its employes driving this garbage wagon is undisputed, and must be regarded as a settled and determined fact in the case.
The question of whether or not the plaintiff was guilty of contributory negligence, which proximately caused or contributed to cause his injury, was a proper question for solution by the jury as was also the question of whether or not the undisputed negligence of the city was the proximate cause of the death of plaintiff’s decedent. The jury found in favor of the defendant, upon which finding judgment was entered, and this petition is filed seeking a reversal of this judgment.
It is claimed by the city that the death of plaintiff’s decedent was not due to the accident, and that sufficient evidence is offered upon this question of fact to warrant the verdict of the jury upon this theory alone. We unanimously and emphatically agree that this judgment can not be affirmed upon this theory. The evidence to our minds clearly shows that the death of plaintiff’s decedent was due to the accident, and we have no hesitation in saying that such a finding on the part of the jury, if made, was manifestly against the weight of the evidence.
If this judgment is to be affirmed, it must be upon the theory that the jury was justified in finding that plaintiff was guilty of contributory negligence. Upon this point we recognize the fact that minds may differ. That question was a proper one for submission to the jury under a charge correctly stating the law, and we cannot say that in this respect the finding of the jury was manifestly against the weight of the evidence. Nevertheless we are of the opinion that the question of contributory negligence of the plaintiff was submitted to the jury under a *456 charge that was misleading and erroneous and sufficiently prejudicial to warrant a reversal of this judgment. As we have before stated, the violation of the two ordinances by the defendant through its driver .was undisputed and conceded, and by all the rules of evidence it became an admitted and determined fact in the case. It is not for the jury to determine in such a situation whether or not the conduct of the city through its driver is negligence. The law makes such conduct negligence per se, and makes it unnecessary for the jury to further find upon the question of the city’s negligence.
A proper charge under the situation revealed by this case would in effect instruct the jury that the violation of said ordinances being admitted, the negligence of the city in this case is a conceded fact, and “so far as you are concerned you are to regard such negligence as proven. It is only for you to determine whether or not such negligence was the proximate cause of the injuries to plaintiff’s decedent which caused his death, and the further question of whether or not plaintiff’s decedent was guilty of contributory negligence.”
It seems to us that these two questions are the only questions in this case to be determined by the jury upon the question of liability. The court, however, charged:
“Now it is for you to decide in the light of this testimony whether or not the city was guilty of negligence. If it was, whether or not the plaintiff’s decedent was also guilty of negligence or not.”
This left it for the jury to conclude that the violation of an ordinance is to be excused, overlooked and condoned at its pleasure. It puts the jury upon a higher plane than the city council. It makes more or less of a farce out of the solemn passage of an ordinance and holds it to be a mere scrap of paper which may be regarded or disregarded at the whim or caprice of the minds of the men on a jury. The prejudice to plaintiff’s rights here is most apparent, for it is easily coneeiveable that the jury reasoned that the mere leaving of a well-trained horse, such as the evidence showed this horse to be, unhitched upon the public street was not an act of negligence; that the happening of any serious result from such a natural course of conduct could hardly be antiei *457 pated; and inasmuch as the jury was given untrammeled license to so treat this act either as negligence or not as it deemed fit, it becomes quite natural to suppose that its verdict was reached rather from such considerations than from a consideration of the subject of the contributory negligence of plaintiff’s decedent or the subject of proximate cause.
There are vices, we think also, in the hypothetical questions submitted to the expert witnesses for the city. Thus in the hypothetical question there is included the statement “he was dismissed from the hospital as cured and able to perform all necessary duties.” The testimony of the only witness for the defendant who testified as to decedent’s condition on leaving the hospital is best summed up in the words of this witness as found on page 165 of the record where the statement is made:
1 ‘ He was considered in a condition fit to be discharged from the hospital. He got up himself out of bed, went to the toilet, and he was able to perform all the things that a man convalescing needs to perform without assistance.”
We do not want to be captious and do not reverse this cause because of the faulty hypothesis, realizing the discretionary power of the trial court, but our own opinion is that the hypothetical questions do not hew as closely to the line of fact as is at least desirable in a proper administration of justice. We reverse this case, however, for error in the charge of the court as indicated in this opinion.
Judgment reversed and remanded.
Washburn, J., concurs.
Vickery, J., dissenting.
Concurring in the view that the death of plaintiff’s decedent was due to the accident, and concurring in the view that insofar as this judgment should be reversed as being against the weight of the evidence if the verdict of the jury was founded upon that theory; but does not concur in the view that the violation of the ordinance upon the part of the employe of the city was negligence per se, and for that reason dissents from the judgment.